ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| RAFAEL ROSARIO BERDECÍA<br><br>Peticionario<br><br>v.<br><br>ISLANDWIDE, INC. H/N/C ISLANDWIDE EXPRESS Y OTROS<br><br>Recurridos | TA2025CE00324 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV00449<br><br>Sobre: Despido injustificado-Ley 80 |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de agosto de 2025.

La causa presente inició a raíz de una *Querella* presentada por la parte querellante y peticionaria, el Sr. Rafael Rosario Berdecía, el 22 de febrero de 2025, contra la parte querellada y recurrida, Islandwide, Inc.[1] La reclamación por despido injustificado fue instada ante el Tribunal de Primera Instancia, Sala de Ponce (TPI), al amparo del procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2), 32 LPRA secs. 3118-3132.

Oportunamente, el 3 de marzo de 2025, el querellado instó *Contestación a Querella.*[2] Luego, Islandwide solicitó la conversión al trámite ordinario.[3] El querellante se opuso.[4] En el ejercicio de su discreción, **el TPI decidió mantener el procedimiento sumario del pleito laboral**.[5]

---

[1] Exhibit III y entrada 1 del caso PO2025CV00449 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Exhibit IV y entrada 7 del SUMAC.
[3] Entrada 12 del SUMAC.
[4] Entrada 13 del SUMAC.
[5] Entrada 14 del SUMAC.

Así las cosas, el 4 de julio de 2025, el señor Rosario Berdecía incoó una *Querella Enmendada*,[6] a la que unió la *Moción solicitando autorización para presentar primera querella enmendada*, con el propósito que el TPI autorizara la aclaración de ciertas alegaciones originales y suprimir otras.[7] Islandwide replicó.[8] Luego de solicitar la postura del querellante y éste cumplir con lo ordenado,[9] el TPI emitió la *Orden* interlocutoria aquí impugnada, la cual fue emitida y notificada el 22 de julio de 2025.[10] En ésta, el TPI declaró sin lugar la solicitud del querellante para enmendar las alegaciones de la *Querella*.

Inconforme, el 20 de agosto de 2025, el señor Rosario Berdecía presentó ante nos el recurso de *certiorari* que nos ocupa, en el que señaló la comisión de una trilogía de errores.[11] Luego de evaluar el expediente, sin ulterior trámite, disponemos del recurso, conforme lo autoriza la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 13-17, 215 DPR __ (2025).

En este caso, la parte peticionaria recurre la *Orden* que denegó una solicitud para enmendar la *Querella* del epígrafe, cuyo trámite procesal sumario está regulado por la Ley Núm. 2, *supra*. Como se conoce, en la Sección 3, el estatuto dictamina que los casos tramitados bajo su ordenamiento "se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". 32 LPRA sec. 3120. Es decir, se recurrirá a las Reglas de Procedimiento Civil —como las Reglas 52.1 y 52.2 que regulan, entre

---

[6] Exhibit XII y entrada 21 del SUMAC.
[7] Exhibit XIV y entrada 22 del SUMAC.
[8] Exhibit XV y entrada 23 del SUMAC.
[9] Exhibits XVI y XVII y entradas 24 y 28 del SUMAC.
[10] Exhibits I y II y entrada 29 del SUMAC.
[11] Reproducimos los señalamientos de error: (1) Erró el Tribunal de Primera Instancia al emitir Orden declarando No ha lugar a la solicitud de autorización para enmendar la querella. (2) Erró el Tribunal de Primera Instancia al emitir Orden declarando No ha lugar a la solicitud de autorizar descubrimiento de prueba. (3) Erró el Tribunal de Primera Instancia al emitir Orden declarando cerrado/concluido el descubrimiento de prueba.

otros recursos, la presentación del auto discrecional de *certiorari*—cuando estas normas procesales no contravengan lo dispuesto por la Ley Núm. 2 o prolonguen innecesariamente el carácter sumario del procedimiento. *Díaz Santiago v. PUCPR, et al.*, 207 DPR 339, 348 (2021).

Ahora, si bien de la Ley Núm. 2 no surge que la Asamblea Legislativa haya tenido la intención expresa de viabilizar un mecanismo de revisión directa de las **resoluciones interlocutorias**, la norma no es absoluta. *Id.*, págs. 348-349. A modo de excepción, el Tribunal Supremo ha pautado que los foros apelativos debemos mantener y ejercer nuestra facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado al tenor de la Ley Núm. 2, *supra*, en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Id.,* pág. 349; *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999); *Ortiz v. Holsum*, 190 DPR 511, 517 (2014). Claro está, **el término para solicitar ante el Tribunal de Apelaciones la revisión de las determinaciones interlocutorias que cumplan con los criterios restrictivos previamente mencionados es de diez (10) días, computados luego de la fecha de la notificación**; y de veinte (20) días, contados a partir de la notificación, para los recursos presentados ante el Tribunal Supremo. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732-736 (2016); véase, además, Sec. 9 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3127.

Según reseñamos, en el caso del título, la *Orden* recurrida fue emitida y notificada el **martes, 22 de julio de 2025**. Por tanto, la parte peticionaria tenía hasta el viernes, 1 de agosto de 2025, para acudir ante este tribunal intermedio, es decir, un **término de diez (10) días**. No obstante, no fue hasta el **miércoles, 20 de agosto de 2025** que el señor Rosario Berdecía solicitó nuestra intervención revisora. Esto es, diecinueve (19) días después de haber vencido el plazo.

Es norma asentada que la falta de jurisdicción no es susceptible de ser subsanada. Una sentencia dictada sin jurisdicción es nula en Derecho. A esos efectos, **una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos**. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles*, 202 DPR 499-500 (2019); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Por consiguiente, debido a su presentación tardía, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso. En armonía, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 115-117, faculta a este foro intermedio para, a iniciativa propia, desestimar un recurso apelativo cuando carecemos de potestad para atenderlo.

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción, al haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones